UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,           No. 2:23-cr-10

vs.                                    Hon. JANE M. BECKERING
                                        U.S. District Judge

TODD ALLEN STAFFORD,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Todd Allen Stafford was convicted by a jury of one count of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) and two counts of travel in interstate commerce with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). The trial testimony showed that then 59-year-old Defendant planned to have sex with the minor victim (an individual under 16 years of age) on three separate occasions. He attempted to have sex with minor victim in April 2023; he had sex with minor victim on July 1, 2023; and he traveled to Iron Mountain intending to have sex with minor victim on July 21, 2023. In furtherance of his efforts to persuade, induce, and entice the minor victim to have sex with Defendant, Defendant communicated with the minor victim over the internet. On July 1 and July 21, 2023, Defendant travelled from his home in Baileys Harbor, Wisconsin, to Iron Mountain, Michigan, with a purpose of having sex with the minor victim. At his trial, Defendant took the stand and committed perjury.

1

Probation scores Defendant's guidelines range as 324-405 months. Defendant raises three objections to that scoring. First, he claims that he did not "unduly influence" the minor victim in this case and, therefore, the Court should not score a two-level enhancement under USSG § 2G1.3(b)(2)(B). That argument fails because (1) there is a rebuttable presumption that defendant fails to rebut; and (2) even if there were not a rebuttable presumption, the minor victim's testimony supports finding undue influence. Second, Defendant claims he did not commit perjury during his trial testimony and, therefore, the Court should not score a two-level enhancement under USSG § 3C1.1. But this Court sat through the trial and knows that Defendant perjured himself; the convictions are materially inconsistent with Defendant's trial testimony. Finally, Defendant claims that he did not engage in a pattern of activity involving prohibited sexual conduct, and therefore, he should not receive a five-level enhancement under USSG § 4B1.5. Here, too, Defendant's claim fails—the crimes of which he was convicted establish a pattern of prohibited sexual conduct. And though the counts of conviction are enough to establish the pattern, Defendant's relevant conduct adds an additional instance of prohibited sexual conduct.

Based on the § 3553(a) factors, the government's requests a sentence within the guidelines range of 324-405 months.

## BACKGROUND

### I.  The Government's Case

In the spring of 2023, Defendant reached out to the minor victim on a social media application called Squirt.org. (R.109: Vol. II Trial Tr., PageID.669–70.) The minor victim admitted that their profile listed their age as 18 and they explained that was because it was the lowest age they could put. (*Id.*, PageID.672.) Minor victim testified that they told Defendant they were under eighteen and going to high school. (*Id.*, PageID.673.) At all relevant times to this case, minor victim was under 16 years of age.

Per the minor victim, Defendant and minor victim first met in spring 2023 and went to the Mountain Host Motor Inn in Iron Mountain. (*Id.*, PageID.674–76.) When they got to Defendant's hotel room, Defendant asked if they "could do something," which minor victim testified referred to "oral, anal." (*Id.*, PageID.676–77.) Defendant then gave minor victim a massage while the two were in their underwear. (*Id.*, PageID.677.) Minor victim felt uncomfortable and asked to be taken home, and Defendant then took minor victim home. (*Id.*, PageID.678.)

The two then began to communicate via email. (*Id.*, PageID.679.) Minor victim said that Defendant's email communications made minor victim feel "uncomfortable." (*Id.*, PageID.682.) The government offered significant email communications between Defendant and minor victim where they communicated about meeting, where Defendant called minor victim a hot sexy stud, where minor victim talked about having a 9:00 PM curfew and going to summer school to graduate early, and

3

where Defendant discussed (on multiple occasions) pleasuring minor victim. (*See, e.g.*, *id.*, PageID.844, 854, 855, 859–60.) Consistent with those messages, leading up to their second meeting, minor victim said that Defendant was talking about "sexual things," which minor victim testified made them nervous. (*Id.,* PageID.684.) They ultimately arranged to meet again on July 1, 2023. (*Id.*, PageID.682, 857.)

As with the first meeting, Defendant picked up minor victim and they went to the Mountain Host Motor Inn. (R.109: Vol. II Trial Tr., PageID.685.) When they got to the hotel room, Defendant and minor victim engaged in oral and anal sex. (*Id.*, PageID.686–87.) Afterward, Defendant bought minor victim dinner at McDonald's before dropping minor victim off. (*Id.*, PageID.687–88.)

Thereafter, minor victim's parents took minor victim's phone. (*Id.*, PageID.688.) Minor victim's father then discovered the communications between minor victim and Defendant. Minor victim's father then pretended to be minor victim and communicated with Defendant at first by email and then by text message. (R.108, Vol. I Trial Tr., PageID.563–65.) After minor victim's father sent a picture of minor victim, Defendant responded with a picture of his erect penis. (*Id.*, PageID.567–68; Gov't Ex. 3, 3A.) They then communicated about meeting, including discussing minor victim's curfew, before the Iron Mountain Police Department took over the communications. (R.108, Vol. I Trial Tr., PageID.568–70.)

Iron Mountain Police then communicated with Defendant with the police now posing as minor victim. On July 21, 2023, when Defendant came to a park in Iron Mountain to meet minor victim, police arrested Defendant. (*Id.*, PageID.580, 583.)

4

Investigators later recovered sex toys, condoms, and lubricant that Defendant had brought with him on this trip. (*Id.* at 596–98.)

## II. Defendant's Testimony

Defendant testified to a markedly different set of facts. Most significantly, Defendant testified that he did not have sex with minor victim on the July 1 trip; instead, Defendant gave minor victim a massage and they cuddled. (R.933: Vol. III Trial Tr., PageID.995, 996.) Defendant testified that he did not want to have sex with minor victim at any point; he just wanted to give minor victim a massage. (*Id.*, PageID.940; 995, 996, 1002–04.) He claimed that when he sent messages about the two pleasuring each other all night, he was not talking about sex. (*Id.*, PageID.1002–03.) It was all about his alleged fetish—giving thin or healthy people massages. (*Id.*, PageID.1003–04.)

## GUIDELINES CALCULATION

Defendant's unobjected to base offense level is 28 under USSG § 2G1.3(a)(3). (R.112: Final PSR, PageID.1185.) Probation then scores a two-level enhancement based on undue influence under USSG § 2G1.3(b)(2)(B). (*Id.*) Defendant objects to this enhancement. Probation then scores two-level enhancements because Defendant used a computer, under USSG § 2G1.3(b)(3)(A), and because the crime involved the commission of a sexual act or contact, under USSG § 2G1.3(b)(4)(A)(i). (*Id.*) Defendant does not object to the scoring of these enhancements. Probation scores a two-level enhancement for obstruction of justice under USSG § 3C1.1, to which Defendant objects. (*Id.*) This leads to an adjusted offense level of 36, which is then enhanced by

5

five levels under USSG § 4B1.5(b)(1). (*Id.*) Defendant objects to the enhancement under USSG § 4B1.5. This leads to a total offense level of 41.

## DEFENDANT'S OBJECTIONS

### I. Defendant Should Receive an Enhancement for Undue Influence

#### A. Legal Principles

USSG §2G1.3(b)(2)(B) provides for a two-level enhancement where a defendant unduly influenced a minor to engage in prohibited sexual conduct. The commentary provides: "Prohibited sexual conduct (A) means any sexual activity for which a person can be charged with a criminal offense; (B) includes the production of child pornography; and (c) does not include trafficking in, or possession of, child pornography." USSG §2G1.3, cmt. n. 1. The commentary further provides:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.

*Id.* cmt. n. 3(B). Where, as in this case, "a participant is at least 10 years older than the minor, there is a rebuttable presumption that subsection (b)(2)(B) applies." *Id.* "In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor." The suggestion that a victim "voluntarily engaged in the sexual conduct" is not enough to overcome the presumption. *United States v. Sykes*, 65 F.4th 867, 890 (6th Cir. 2023). Further, where the defendant manipulates the victim to engage in illicit sex, the enhancement is properly applied. *United States v. Lay*, 583 F.3d 436, 442 (6th Cir. 2009).

6

## B. Application

Defendant has failed to rebut the presumption that the enhancement applies, and even if he had, the evidence shows there was undue influence. Minor victim was nervous and uncomfortable meeting Defendant. Defendant overcame that reticence by promising nights of pleasuring each other. (R.112: Final PSR, PageID.1184.) The Court heard the text messages read into the record and knows that Defendant was persistent about trying to meet with victim. Though minor victim stalled the second meeting with Defendant after the April meeting, Defendant continued to pursue minor victim, including by saying that he wanted to spend the night with minor victim "SOOOOOO BAD!!!" (*Id.*, PageID.859; Gov't Ex. 26 at 8.) Defendant showered minor victim with compliments, including calling minor victim "gorgeous" and a "hot sexy stud." (R.109: Vol. II Trial Tr., PageID.843.) Defendant offered to meet minor victim and give them "car head." (R.109: Vol. II Trial Tr., PageID.852.) The messages between Defendant and minor victim show that Defendant was overcoming the minor victim's reticence and unduly influencing minor victim. Based on that evidence, the government submits that Defendant was manipulating minor victim to engage in these acts, and the enhancement is properly applied.

This case also resembles *Sykes*. There, the defendant manipulated minor victim by saying he was falling in love with her, showering her with compliments, and promising that they would be together forever. *Sykes*, 65 F.4th at 890. That was enough for the enhancement where the rebuttable presumption applied. *Id.* Defendant was persistent about trying to meet minor victim, complimented the minor

7

victim (as in *Sykes*), and promised nights of pleasure, which overcame the minor victim's reticence. The Court should, therefore, score the enhancement.

## II. Defendant Should Receive an Enhancement for Obstruction

### A. Legal Principles

USSG §3C1.1 provides for a two-level enhancement where "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." Committing perjury during trial testimony justifies the enhancement. *United States v. O'Lear*, 90 F.4th 519, 534 (6th Cir. 2024.) "To commit perjury, a defendant must make a false statement under oath, the false testimony must arise from the defendant's willful intent rather than a mistaken memory, and the statement must address an issue material to the case." *Id.* (cleaned up).

There is a specific procedure to decide whether to impose the enhancement on the ground that the defendant lied at trial. *Id.* "The district court must identify—either expressly or by obvious implication—the statements in the defendant's testimony that the court considers perjurious. And the court must make either specific findings that the statements meet each perjury element or a general finding that covers all the specific elements." *Id.* (cleaned up).

8

### B. Application

Defendant perjured himself at trial. His testimony was that he did not engage in sexual acts with the minor victim on July 1, 2023, and he also testified that he did not have an intent to engage in sexual acts with the minor victim. The minor victim credibly testified that sexual acts occurred. The messages between minor victim and Defendant show Defendant's intent to engage in sexual acts with minor victim. The Court saw Defendant testify: he was not mistaken. Rather, he willfully attempted to mislead the jury in his effort to be found not guilty. And his false testimony was material. The sexual acts between Defendant and minor victim inform what his intent was on July 1 and July 21. And if Defendant did not have a sexual purpose when meeting with minor victim, he could not have been convicted on any count of the indictment. *See* 18 U.S.C. §§ 2422(b), 2423(b). The enhancement should score.

### III. Defendant Should Receive a Pattern Enhancement

### A. Legal Principles

USSG §4B1.5(b) provides for a five-level enhancement where the defendant's instant offense of conviction is "a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct."

A "covered sex crime" includes, among other things, an offense committed against a minor under Chapter 117. USSG § 4B1.5, cmt. n. 2.

A defendant engages in a "a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited

9

sexual conduct with a minor." USSG § 4B1.5 cmt. n. 4(B)(i). "An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id.* cmt. n. 4(B)(ii).

"Prohibited sexual conduct" means, among other things, "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." *Id.* cmt. n. 4(A). Section 2426 includes offenses "(A) under this chapter [i.e., Chapter 117], chapter 109A, chapter 110, or section 1591; or (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." By its plain text, "prohibited sexual conduct" includes attempt offenses. *United States v. Knight*, Case No. 22-5919, 2023WL5338637, at *4 (Aug. 18, 2023).[1]

When deciding whether there is a pattern, the prohibited sexual conduct occurs on "separate occasions" so long as there are two separate instances of prohibited conduct. *See, e.g.*, *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019) *United States v. Sadeek*, 77 F.4th 320, 326–27 (5th Cir. 2023). In *Wandahsega*, the Sixth Circuit affirmed the enhancement where a victim testified that his father had touched his genitals more than one time on different days and a doctor testified the

---

[1] In *Knight*, the Sixth Circuit explained that the guidelines commentary to USSG § 4B1.5 neither expands the application of the guidelines beyond the plain text nor adds to the offenses specified in the statutory text. *Id.* The commentary is, therefore, authoritative even after *United States v. Havis*, 927 F.3d 382, 386–87 (6th Cir. 2019). *Id.*

10

victim had said the defendant touched the victim on two separate occasions before the victim went to the hospital. *Id.*

The occasions of prohibited sexual conduct for § 4B1.5(b)(1)'s enhancement may include the instant offenses of conviction. *United States v. Wandahsega*, 924 F.3d 868, 886 (6th Cir. 2019) (citing *United States v. Al-Cholan*, 610 F.3d 945, 954 n.4 (6th Cir. 2010) ("These two separate occasions [for § 4B1.5(b)(1)'s enhancement] may include the instant offense, and prior occasions need not have resulted in a conviction to qualify." (internal quotation marks omitted)); *United States v. Broxmeyer*, 699 F.3d 265, 285 (2d Cir. 2012) ("[The defendant's] conviction on Count Three clearly provides one of the two occasions of prohibited sexual conduct necessary to establish a pattern of activity.")).

But the Court is also not limited to the offenses of conviction; instead, it can consider uncharged relevant conduct. *United States v. Preece*, Case No. 22-5297, 2023 WL 395028, at *7 (Jan. 25, 2023).

And the enhancement applies where a defendant repeatedly abuses a single victim. *United States v. Brattain*, 539 F.3d 445, 448 (6th Cir. 2008). An earlier version of § 4B1.5(b)(1) required multiple victims for a defendant to be subject to the five-level enhancement. *Id.* "However, in 2003 Congress specifically addressed this enhancement"; "Congress amended the Application Note 4(B)(i) to eliminate the requirement of at least two minor victims in order for the enhancement under § 4B1.5(b)(1) to apply." *Id.*

11

### B. Application

Defendant committed three covered sex crimes. He was convicted of one count under 18 U.S.C. § 2422(b), and two counts under 18 U.S.C. § 2423(b). Those are offenses under Chapter 117 of Title 18, making them covered sex crimes under USSG § 4B1.5 cmt. n. 2.

Defendant engaged in a pattern of prohibited sexual conduct. Defendant was convicted of two counts under 2423(b). (R.97: Verdict, PageID.326–27.) That was for conduct that occurred on July 1 and July 21, 2023. (*Id.*) These are offenses under Chapter 117 and therefore qualify as prohibited sexual conduct. USSG § 4B1.5 cmt. n. 4(A); 18 U.S.C. § 2426(b)(1)(A) or (B). Further, as in *Wandahsega*, the offenses occurred on separate occasions—i.e., there was a break between them. 924 F.3d at 886. Based on the guidelines, these two convictions justify application of the enhancement. USSG § 4B1.5 cmt. n. 4(B)(i).

Based on minor victim's testimony, however, there is a third instance of prohibited sexual conduct. Defendant also attempted to have sex with minor victim in April 2023, by bringing minor victim back to Defendant's room at the Mountain Host Motor Inn. Defendant's conduct amounts to an attempt to engage in criminal sexual conduct in the third degree in violation of Michigan law. Mich. Comp. L. §§ 750.92, 750.520d(1)(a). Further, the conduct would have violated federal law if that conduct had occurred within the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 2423(a). Section 2423(a) includes attempts. *Id.* Defendant intended to have sex with a person under the age of 16, where Defendant

12

was more than four years older than minor victim. This conduct was an additional instance of prohibited sexual conduct. USSG § 4B1.5 cmt. n. 4(A); 18 U.S.C. § 2426(b)(1)(A) or (B).

Defendant, therefore, should receive an enhancement under USSG § 4B1.5: he committed a covered sex crime and engaged in a pattern of activity involving prohibited sexual conduct.

## § 3553(a) ANALYSIS

Defendant committed a heinous crime; he has shown that he does not respect the law; and he needs to be specifically deterred. Defendant raped a minor. He did so while he was nearing 60 years of age and while knowing the victim was under 18 years of age. Defendant's actions have caused minor victim and their family significant trauma and made them distrust others. Making matters worse, Defendant committed perjury during trial and thereby showed a complete disregard for the rule of law. Defendant's actions in this case are part of a broader pattern of not taking responsibility for his actions. Even now, he continues to shift blame to a child and continues to deny his prior criminal conduct. (R.112: Final PSR, PageID.1185, 1187–88, 1189.) To adequately account for the seriousness of the offense, the history and characteristics of the defendant, the need for specific and general deterrence, and the need to promote respect for the law, the government requests a sentence within the guidelines range of 324–405 months.

13

## CONCLUSION

For the foregoing reasons, the government respectfully requests a sentence between 324 and 405 months.

                                        Respectfully submitted,

                                        MARK A. TOTTEN
                                        United States Attorney

Dated: July 3, 2024                    /s/ Theodore J. Greeley
                                        THEODORE J. GREELEY
                                        Assistant United States Attorney
                                        1930 US Hwy 41 W, 2d Floor
                                        Marquette, MI 49855
                                        (906) 226-2500