UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TODD ALLEN STAFFORD,

        Defendant.

No. 2:23-CR-00010

Hon. Jane M. Beckering

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
SENTENCING MEMORANDUM**

Todd Stafford submits this reply to the government's Sentencing Memorandum to address just one issue it raises, the Pattern of Prohibited Sexual Conduct guideline enhancement under U.S.S.G § 4B1.5(b)(1). L.Crim.R. 32.2(7). The PIR had applied the enhancement because it says that Minor Victim testified that there were three encounters with Mr. Stafford. PIR, RE112, PageID1206. Defendant's Objections to Presentence Investigation Report noted that this is incorrect: Minor Victim testified that there were two encounters with Mr. Stafford, one that involved massage and only one that involved sex, according to Minor Victim. Def't Obj., RE116, PageID1220-1221. The government says in its Sentencing Memorandum that the enhancement should apply because it says Mr. Stafford *attempted* to have sex with the Minor Victim in April 2023 and July 21, 2023. Gov't Memo, RE117, PageID1231-1235. We reply to address this assertion.

An "occasion" of prohibited sexual conduct occurs when "the defendant

engaged in prohibited sexual conduct with a minor." U.S.S.G § 4B1.5, Application Note 4(B)(1). The "occasions" must be separate. *Id.* And "prohibited sexual conduct" is defined (as relevant to the government's argument) as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." *Id.* at Application Note 4(A)(i). By reference to § 2426(b)(1)(A) and (B), therefore, "prohibited sexual conduct" for § 4B1.5 is an offense:

> (A) under this chapter (117), chapter 109A, chapter 110, or section 1591; or
> (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States…

18 U.S.C. § 2426(b)(1)(A), (B).

The government says that in this case there were three occasions of prohibited sexual conduct establishing a pattern of separate occasions for purposes of § 4B1.5: (1) April 2023; (2) July 1, 2023; and (3) July 21, 2023. We do not dispute that the events described by Minor Victim concerning July 1, 2023 qualify as an "occasion" of prohibited sexual conduct for purposes of the enhancement because the Minor Victim testified that he had sex with Mr. Stafford on this date.

As for July 21, 2023, the evidence established that this was the date that Mr. Stafford came to Michigan and thought he was going to meet up with the Minor Victim, but instead was arrested because he had actually been corresponding with the Minor Victim's parents, not the Minor Victim, about this meeting. For this, Mr. Stafford was convicted of Count 3, Interstate Travel with

2

Intent to Engage in Illicit Sexual Conduct. But, Mr. Stafford did not "engage" in prohibited sexual conduct with a minor on this "occasion." His email communications about the meeting were with the stepfather, not Minor Victim. And his actions were traveling from Wisconsin to Michigan with intent to engage in illicit sexual conduct. The Sixth Circuit has noted that this type of offense, crossing state lines with the intent to commit an offense, may not count as an "occasion" for purposes of § 4B1.5 because the action of crossing state lines is not itself sexual in nature. *United States v. Knight*, 2023 U.S. App. LEXIS 21766, No. 22-5919 (6th Cir. Aug. 18, 2023) (unpublished opinion). The plain language of the guideline shows that the July 21, 2023 interstate travel cannot count as an occasion where Mr. Stafford *engaged* in prohibited sexual conduct *with a minor*. He did not *engage* in any sexual conduct; he crossed state lines. And his communications leading up to the travel were with adults, not a minor. July 21, 2023 cannot count as an "occasion" for purposes of § 4B1.5.

The government says that there was another "occasion" in April 2023 when Mr. Stafford gave Minor Victim a massage in a hotel room after the Minor Victim, according to Minor Victim's testimony anyway, rejected Mr. Stafford's invitation to have sex. The government says that this amounts to an attempt to engage in criminal sexual conduct in the third degree (CSC III) under Michigan law citing MCL 750.520d(1)(a) and 750.92, and also an attempt to commit a violation of § 2423(a) for purposes of being a separate "occasion" of prohibited sexual conduct. As to this second point, we address that above. A violation of § 2423, attempt or otherwise, is not

3

included in the guideline definition of prohibited sexual conduct because interstate travel with intent is not "itself sexual in nature" for purposes of finding that it amounts to an occasion of *engaging* with a minor under § 4B1.5.

As to whether an attempt to commit CSC III falls under § 2426(b)(1)(B)'s definition of prohibited sexual conduct, attempts are not included either under § 2426(b)(1)(B) itself or under the CSC III statute, MCL 750.520d.[1] The Sixth Circuit has found that attempts to commit prohibited sexual conduct can count as an occasion for § 4B1.5 when the attempt offense is built-in to the statute proscribing the conduct. *Knight, supra.* In *Knight*, the Sixth Circuit found that the defendant's conduct of attempting to produce child pornography was both included in the statutory definition of the offense, 18 U.S.C. § 2251(e) for purposes of being a § 4B1.5 occasion. That is not the case here. An attempt to commit CSC III is not included in the Michigan state law or § 2426's definition incorporating state crimes as prohibited sexual conduct. Construing the guideline to apply to attempt offenses when attempts are not included in either the guideline language, the commentary language or the language of the statute proscribing the offense allegedly committed improperly expands the reach of this substantial guideline enhancement.

We reiterate our objection to application of this enhancement on the above legal basis. But we also state that if the Court applies the enhancement, it results in

---

[1] "Attempt" under Michigan law requires proof of a specific intent and a substantial step toward committing the crime beyond mere preparation and planning. We are aware of no Michigan authority that finds an attempt to commit CSC III when there is an invitation that is declined without further action and realistically, these facts do not amount to attempt CSC III offense.

4

a guideline range far greater than necessary for Mr. Stafford. Cases where the enhancement applies to a defendant's abuse of a single minor victim, including the case cited by the government *United States v. Brattain*, 539 F.3d 445 (6th Cir. 2008), involve fact patterns where the defendant was abusing the minor victim for years. *See Brattain*, *supra* (defendant sexually abusing daughter over 7-year period); *United States v. Paauwe*, 968 F.3d 614 (6th Cir. 2020) (defendant and special needs minor involved in online relationship lasting more than 2 years involving the production of child pornography).

Moreover, the government's sentencing memorandum asking for a guideline sentence does not adequately take into account the many fine qualities of the defendant that suggest that a shorter sentence is sufficient but not greater than necessary, including Mr. Stafford's strong family and community support and his proud, lengthy service in the military. We are attaching as Exhibit A-1 a pictorial review to highlight these qualities.

Mr. Stafford would like to request that the Court make a recommendation to the Bureau of Prisons that he be placed at a facility as close to St. Augustine, Florida as possible.

                                                Respectfully Submitted,

Date:  July 11, 2024                    WILLEY & CHAMBERLAIN LLP
                                                Attorneys for Defendant

                                                    s/ Britt M. Cobb
                                                _____
                                                Britt M. Cobb (P69556)
                                                300 Ottawa Avenue, N.W., Suite 810
                                                Grand Rapids, Michigan 49503
                                                (616) 458-2212
                                                bmc@willeychamberlain.com


                                                QUINNELL LAW FIRM PLLC
                                                Attorneys for Defendant

                                                    s/ Timothy C. Quinnell
                                                _____
                                                Timothy C. Quinnell (P41677)
                                                419 W. Washington Street
                                                Marquette, Michigan 49855
                                                (906) 228-3650
                                                ofqllp@gmail.com